ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| WM CAPITAL 76 LLC<br><br>Parte Recurrida<br><br>v.<br><br>RUBÍ GONZÁLEZ CLEOFE, et al.<br><br>Parte Peticionaria | KLCE202400669 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.:<br>F CD2014-1469<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca por la vía ordinaria |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de junio de 2024.

La parte peticionaria, Cleofé Rubí González y otros codemandados, solicita que revoquemos dos órdenes emitidas el 28 de febrero de 2024, y notificadas el 14 de marzo de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina, mediante las cuales se autorizó la sustitución de la parte demandante y enmienda al epígrafe para que figurara WM Capital 76, LLC, en lugar de Scotiabank de Puerto Rico, y ordenó la continuación de los procedimientos en ejecución de la sentencia en rebeldía emitida en el caso el 22 de febrero de 2015.

Evaluado el recurso y los documentos que obran en el apéndice, y a tenor con el derecho aplicable, denegamos la expedición del auto de *certiorari*.

### I.

El 5 de diciembre de 2014, Scotiabank de Puerto Rico instó una demanda de cobro de dinero y ejecución de hipoteca contra el

Sr. Cleofé Rubí González, la señora Moraima Cintrón Avilés, la sociedad legal de bienes gananciales compuesta por éstos, Carolinas Industrial Park, S.E.; Dorado Del Mar Golf Condos, S.E.; Mora Development Corporation; El Verde Associates, Demandado A y Demandado B (en conjunto, Sr. Rubí González).

Luego que se anotara la rebeldía a todos los demandados, el 22 de febrero de 2015, el TPI dictó sentencia en rebeldía declarando con lugar la demanda.

El 17 de junio de 2017, Scotiabank de Puerto Rico solicitó la ejecución parcial de la sentencia con relación a ciertos préstamos, mediante la venta de uno de los inmuebles gravados con una de las hipotecas otorgadas en garantía sobre la finca número 61,074, según descrita en la escritura que garantiza la acreencia. El TPI autorizó la referida ejecución parcial mediante orden y mandamiento de ejecución de 31 de julio de 2017, y 7 de agosto de 2017, respectivamente. La orden de confirmación de venta judicial a favor de Scotiabank de Puerto Rico fue emitida el 22 de noviembre de 2017.

El 13 de diciembre de 2019, Scotiabank de Puerto Rico le cedió a título oneroso ciertos créditos a WM Capital 76 LLC, entre los cuales estaban comprendidos algunos de los instrumentos y garantías presentadas al cobro y adjudicados mediante la acción judicial de epígrafe.

El 12 de enero de 2024, WM Capital 76 LLC solicitó la sustitución de la parte demandante conforme dispone la Regla 22.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 22.3, alegando ser la verdadera parte con interés en continuar con los procedimientos debido a la transferencia a su favor de los créditos relacionados a los préstamos de Mora Development Corporation. Acompañó su solicitud de sustitución con: (1) el *Mortgage and Loan Document Assignment,* mediante el cual Scotiabank de Puerto Rico transfirió

sus derechos e intereses sobre el pagaré hipotecario por la cantidad de $400,00.00, otorgado por El Verde Associates como garantía hipotecaria de los préstamos de Mora Development Corporation, y (2) copia del mencionado pagaré hipotecario, junto a su *Allonge to Note* suscrito por Scotiabank de Puerto Rico que, entre otras cosas, garantiza los créditos de Mora Development Corporation.[1]

Posteriormente, el 18 de enero de 2024, WM Capital 76 LLC presentó una solicitud de autorización para proceder con la ejecución de la sentencia y para que se autorizara la venta en pública subasta de uno de los inmuebles hipotecados en garantía de su acreencia, en específico, de la finca número 11,301 de Vega Baja. Puntualizó que la venta en pública subasta de la finca 61,074, no satisfizo la deuda en su totalidad.

El 22 de enero de 2024, el Sr. Rubí González presentó una oposición a la solicitud de sustitución de la parte demandante y una moción urgente para solicitar la paralización de la solicitud de ejecución de la sentencia. A través de ambos escritos, argumentó que no procede la sustitución de la parte demandante y la solicitud de ejecución hasta tanto WM Capital 76 LLC proveyera evidencia de la cesión de créditos a su favor. Además, alegó que, en virtud de la doctrina de cosa juzgada, WM Capital 76 LLC estaba impedido de relitigar cualquier causa de acción que se presentó o pudo haber sido presentada por Scotiabank de Puerto Rico.

Las partes presentaron sus respectivos escritos en réplica y dúplica.

Mediante documento titulado *órdenes*, emitido el 28 de febrero de 2024, y notificado el 14 de marzo de 2024, el TPI autorizó la sustitución de la parte demandante, para que figurara WM Capital 76 LLC en lugar de Scotiabank de Puerto Rico. También, ordenó la

---

[1] Apéndice del recurso, págs. 59-66.

continuación de los procedimientos en ejecución de la sentencia emitida el 22 de febrero de 2015 y declaró con lugar la autorización para proceder con la venta en pública subasta del inmueble.[2] En otro extremo, declaró *no ha lugar* la moción urgente de paralización de los procedimientos de ejecución de sentencia presentada por el Sr. Rubí González.

El 1 de abril de 2024, el Sr. Rubí González presentó una solicitud de reconsideración. En ésta, adujo que WM Capital 76 LLC solicitó la ejecución de la sentencia emitida el 22 de febrero de 2015 de manera tardía y sin justificar la razón por la cual no se llevó a cabo la ejecución dentro del plazo de cinco (5) años de ésta haber advenido final y firme. Precisó que, si bien hubo conversaciones con WM Capital 76 LLC, que pudieron haber inducido al acreedor a no ejercer su derecho dentro del referido término, éstas no incluyeron representaciones de pago y, además, era necesario que dicho acreedor estableciera que esas conversaciones ocurrieron antes de que concluyera el referido término de cinco (5) años. Añadió que WM Capital 76 LLC no había divulgado la cuantía pendiente de pago y que tampoco podía ordenarse la ejecución basado únicamente en una referencia a la deuda originalmente dispuesta mediante la sentencia dictada y una aseveración generalizada de que aún se debe alguna suma no especificada.

A su vez, el Sr. Rubí González reiteró que WM Capital 76 LLC no acreditó haber adquirido derecho alguno sobre la sentencia en rebeldía dictada en el caso. Finalmente, aseveró que, cuando la fuente de una obligación es una sentencia, el objeto del contrato de cesión tiene que ser la propia sentencia y no los documentos bajo los cuales surgió la causa de acción que generó el pleito que dio lugar a esa sentencia.

---

[2] La orden de ejecución también se emitió el 28 de febrero de 2024, pero se notificó el 15 de marzo de 2024.

El TPI denegó la solicitud de reconsideración mediante *Resolución* emitida el 8 de mayo de 2024, y notificada el 16 de mayo de 2024.

Inconforme, el 17 de junio de 2024, el Sr. Rubí González instó el recurso que nos ocupa y apuntó los siguientes señalamientos de error:

> Erró el TPI al permitir la sustitución de WMPC76 como demandante por no haberse acreditado que dicha parte adquirió los derechos sobre la sentencia.

> Erró el TPI al autorizar la ejecución tardía en el presente caso.

El 27 de junio de 2024, el Sr. Rubí González presentó una *Moción Urgente para Solicitar que se Emita una Orden en Auxilio de Jurisdicción,* con el fin de detener los procesos de ejecución pendientes ante el TPI, aludiendo a las subastas pautadas para el 29 de julio, 5 y 12 de agosto de 2024.

El 27 de junio de 2024, WM Capital 76 LLC presentó su *Oposición a Petición de Certiorari y a Moción Urgente para Solicitar que se Emita una Orden en Auxilio de Jurisdicción.* En síntesis, planteó que no se configuraba ninguno de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *infra,* para que este tribunal ejerciera su discreción, revocara las determinaciones y paralizara los procedimientos ante el foro de primera instancia.

## II.

### A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[3]

---

[3] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

Para determinar si procede la expedición de un auto de *certiorari* en el que se recurre de alguna determinación post sentencia, debemos acudir directamente a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece que este foro apelativo intermedio tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de primera instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[4] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

---

[4] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

**B.**

La Regla 22.3 de Procedimiento Civil, 32 LPRA Ap. V., R.22.3, dispone la norma procesal concerniente a la sustitución de parte en caso de una cesión de interés. En específico, la Regla establece:

En caso de cualquier cesión de interés, podrá continuarse el pleito por o contra la parte original a menos que el tribunal, previa solicitud al efecto, disponga que el (la) cesionario(a) sea sustituido(a) en el pleito o acumulado(a) a la parte original. La solicitud será notificada conforme se dispone en la Regla 22.1 de este apéndice.

A tenor con la citada regla, cuando ocurre una cesión de un crédito o un bien, la sustitución de partes es optativa. Esto significa que no es indispensable verificar la sustitución del cesionario por el cedente como parte, ya que, una vez cedido un bien o un crédito, se permite continuar la tramitación del caso en pro o en contra del titular original, o sea, del cedente. Esto se debe a que el trámite procesal para sustituir a una parte en nada afecta los derechos sustantivos de las partes.[5]

**C.**

El procedimiento de ejecución de sentencia le imprime continuidad a todo proceso judicial que culmina con una sentencia.[6] Como norma general, las sentencias se ejecutan en la sala sentenciadora.[7] Es necesario recurrir a la ejecución forzosa de una sentencia cuando la parte obligada incumple con los términos de la sentencia.[8]

Sobre el procedimiento de ejecución de una sentencia, la Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, R. 51, dispone que la parte a cuyo favor se dictó una sentencia puede ejecutarla dentro de los cinco años de ésta ser firme. Transcurrido dicho término, la sentencia podrá ejecutarse mediante autorización del Tribunal, a

---

[5] *Mun. de San Juan v. Bosque Real SE*, 158 DPR 743, 759 (2003).
[6] *Mun. San Juan v. Prof. Research*, 171 DPR 219, 247 (2007).
[7] *Igaravidez v. Ricci*, 147 DPR 1, 7 (1998).
[8] *Mun. de San Juan v. Prof. Research,* 171 DPR 219, 248 (2007).

solicitud de parte, y previa notificación a todas las partes.[9] La autorización del tribunal es de carácter discrecional.[10]

El Tribunal Supremo ha permitido una excepción en las acciones de cobro de dinero. La parte a cuyo favor se dictó la sentencia en esos casos puede presentar un pleito ordinario e independiente para su ejecución. La excepción es permisible, porque cuando la sentencia impone el deber de satisfacer una suma de dinero, surge un nuevo crédito que se puede reclamar por vía judicial.[11]

### III.

El Sr. Rubí González solicita que revoquemos las órdenes emitidas el 28 de febrero de 2024, mediante las cuales el TPI autorizó la sustitución de la parte demandante, para que figurara WM Capital 76 LLC en lugar de Scotiabank de Puerto Rico, y ordenó la continuación de los procedimientos en ejecución de la sentencia emitida el 22 de febrero de 2015. Arguye que no procede la sustitución de la parte demandante y la solicitud de ejecución hasta tanto WM Capital 76 LLC proveyera evidencia de la cesión de créditos a su favor y justificara la demora en solicitar la ejecución de la sentencia dictada el 22 de febrero de 2015.

Sin embargo, del trámite procesal relatado, surge que el foro primario autorizó la sustitución de parte y ordenó la continuación de los procedimientos de ejecución ante la cesión de interés acreditada mediante los documentos que acompañaron la solicitud de sustitución y tras evaluar la correspondiente solicitud de autorización para proceder con la ejecución.

Así pues, tras analizar los documentos presentados por las partes, a la luz de los criterios de la Regla 40 de nuestro Reglamento,

---

[9] *Komodidad Dist. v. S.L.G. Sánchez, Doe,* 180 DPR 167, 172 (2010); *Mun. de San Juan v. Prof. Research,* supra; *Igaravidez v. Ricci,* supra.
[10] Cuevas Segarra, *Tratado de Derecho Procesal,* T. IV, pág. 1430 (Pubs. JTS, 2011).
[11] *Mun. San Juan v. Prof. Research,* supra.

*supra*, concluimos que la determinación impugnada no denota un abuso de discreción por parte del tribunal primario. Tampoco se desprende que el dictamen recurrido sea irrazonable, arbitrario, muestre elementos de prejuicio o denote error en la aplicación de una norma jurídica. Mucho menos, el Sr. Rubí González demostró que estemos ante una situación en la que, al expedir el auto de *certiorari*, evitaría un grave perjuicio o un craso fracaso de la justicia.

En fin, al no haberse acreditado razones que justifiquen nuestra intervención con la determinación cuestionada, ni estar presentes ninguna de las instancias que establece la Regla 40 de nuestro Reglamento, *supra,* procede denegar el auto de *certiorari.*

A tenor con lo resuelto, declaramos *no ha lugar* la *Moción Urgente para Solicitar que se Emita una Orden de Auxilio de Jurisdicción.*

### IV.

Conforme a lo anteriormente expuesto, denegamos la expedición del auto de *certiorari* y declaramos *no ha lugar* la *Moción Urgente para Solicitar que se Emita una Orden de Auxilio de Jurisdicción.*

**Notifíquese.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones